# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE MATHISON,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY SHANNON, et al.,<br><br>Defendants. | Case No. 1:24-cv-00427-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION; DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF Nos. 1, 2)<br><br>**OBJECTIONS DUE WITHIN THIRTY DAYS** |

On March 29, 2024, a complaint and application to proceed *in forma pauperis* were filed naming Michael Wayne Mathison as the Plaintiff. (ECF Nos. 1, 2.) Both the complaint and application to proceed *in forma pauperis* were signed by "Raquel Hernandez POA Behalf of Michael Mathison." (ECF No. 1 at 10; ECF No. 2 at 2.) A Durable Power of Attorney form is attached to the complaint which states Michael Wayne Mathison, a prisoner at Wasco State Prison, appointed Raquel Hernandez, an individual that possesses a California driver's license and resides in Selma, California, as his attorney-in-fact. (ECF No. 1 at 14-16.)

There is no indication in the form prisoner complaint, the documents attached thereto, or

1 the application to proceed *in forma pauperis* that Ms. Hernandez is an attorney.[1]  It is well-
2 settled in the Ninth Circuit that a non-lawyer may appear *in propria persona* on his own behalf
3 but has no authority to appear as an attorney for anyone other than himself.  <u>Johns v. County of</u>
4 <u>San Diego</u>, 114 F.3d 874, 877 (9th Cir. 1997) (citing <u>C.E. Pope Equity Trust v. United States</u>,
5 818 F.2d 696, 697 (9th Cir. 1987)).  A general power of attorney does not confer power to a non-
6 licensed individual to represent another in court.  <u>Id.</u>  Rather, "[a] power of attorney allows
7 Person A to do on behalf of Person B matters for which an attorney's license is not required.
8 Person A may sign checks or loan documents, for example, but may not provide legal
9 representation if not licensed to practice law."  <u>Malinay v. Nishimura</u>, No. CIV. 13-00372 SOM,
10 2013 WL 4240460, at *1 (D. Haw. Aug. 14, 2013).

11 In short, an attorney-in-fact is not a licensed attorney at law that may appear on behalf of
12 another in this Court.  <u>See also</u> E.D. Cal. L.R. 183(a) (requiring that any individual who is
13 representing himself without an attorney must appear personally or by courtesy appearance by
14 another attorney admitted to the Bar of this Court and may not delegate that duty to any other
15 individual, including a spouse).  Unless Ms. Hernandez is an attorney, she may not sign
16 pleadings on his behalf.  Under Federal Rule of Civil Procedure 11(a), "[e]very pleading, written
17 motion, and other paper must be signed by at least one attorney of record in the attorney's
18 name—or by a party personally if the party is unrepresented."  Because Ms. Hernandez is not
19 authorized to represent Mr. Mathison in this Court—including signing any pleadings or papers
20 on his behalf—the Court must recommend the complaint be dismissed without prejudice and the
21 application to proceed *in forma pauperis* be denied without prejudice.

22 However, "[a] pro se litigant must be given leave to amend his or her complaint, and
23 some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint
24 could not be cured by amendment."  <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[1] The Court notes no individual named "Raquel Hernandez" is admitted to practice in the Eastern District of California. Further, given Ms. Hernandez's California driver's license and California address, the Court notes no individual named "Raquel Hernandez" is a member of the California State Bar. <u>See</u> <u>Silvester v. Harris</u>, No. 1:11-CV-2137 AWI SAB, 2014 WL 7239371, *6 n.4, 5, 7, 9 (E.D. Cal. Dec. 17, 2014) (taking judicial notice of attorney information provided on the State Bar of California's website and noting that under Federal Rule of Evidence 201, "[t]he Court [may] take[ ] judicial notice of the California State Bar webpage and entry for [an attorney]").

1  Because Mr. Mathison may choose to proceed in this matter *pro se* by signing and filing an
2  amended complaint on his own behalf or, alternatively, by representation through a licensed
3  attorney who files an amended complaint on his behalf, the Court recommends dismissal with
4  leave to amend.

5  Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that:

6  1.  Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be DENIED
7      without prejudice; and

8  2.  The complaint filed on March 29, 2024 (ECF No. 1) be dismissed with leave to
9      amend.

10  These findings and recommendations are submitted to the district judge assigned to this
11  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **thirty (30)**
12  **days** of service of these recommendations, the parties may file written objections to the findings
13  and recommendations with the Court.  Such a document should be captioned "Objections to
14  Magistrate Judge's Findings and Recommendations."  The District Judge will review the
15  Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The
16  parties are advised that failure to file objections within the specified time may
17  result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014)
18  (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

19  IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly
20  assign this matter to a District Judge.

IT IS SO ORDERED.

Dated:   **April 18, 2024**

UNITED STATES MAGISTRATE JUDGE

3