# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE MATHISON,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY SHANNON, et al.,<br><br>Defendants. | Case No. 1:24-cv-00427-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CLAIMS AND DEFENDANT; RECOMMENDING THIS ACTION PROCEED ON CLAIM FOUND COGNIZABLE IN SCREENING PURSUANT TO PLAINTIFF'S NOTICE OF INTENT TO PROCEED<br><br>ORDER DISCHARGING NOVEMBER 14, 2024 ORDER TO SHOW CAUSE<br><br>(ECF Nos. 13, 17)<br><br>**FOURTEEN DAY DEADLINE** |

A motion to proceed *in forma pauperis* and a complaint naming Plaintiff Michael Wayne Mathison ("Plaintiff"), a prisoner at Pleasant Valley State Prison, were filed in this action on March 29, 2024. (ECF No. 1.) However, the filings were signed by a non-attorney on Plaintiff's behalf. The Court issued findings and recommendations recommending that the action be dismissed without prejudice. (ECF No. 4.) The Court recognized that Plaintiff may choose to proceed in this matter *pro se* by signing and filing an amended complaint on his own behalf or, alternatively, by representation through a licensed attorney. (Id. at 3.) Prior to the District Judge's adoption of this Court's findings and recommendations, Plaintiff filed a first amended complaint on May 8, 2024. (ECF No. 7.) On May 10, 2024, this Court vacated its findings and

1  recommendations and ordered Plaintiff to submit an application to proceed *in forma pauperis* or
2  pay the filing fee in this action.  (ECF No. 8.)  On June 10, 2024, Plaintiff filed a motion to
3  proceed *in forma pauperis*, which the Court granted on the same day.  (ECF Nos. 9, 10.)

4  On July 2, 2024, the Court screened Plaintiff's first amended complaint.  (ECF No. 11.)
5  The Court found Plaintiff's complaint did not comply with Rule 8 of the Federal Rules of Civil
6  Procedure and that Plaintiff failed to state any cognizable claims under 18 U.S.C. § 2255, 5
7  U.S.C. § 552(a), 42 U.S.C. § 1983, or the Fourth Amendment.[1]  The Court granted Plaintiff leave
8  to file a second amended complaint.

9  On July 25, 2024, Plaintiff filed a second amended complaint against Selma Police
10  Officer Zachary Shannon and Selma Police Chief Rudy Alcaraz.  (ECF No. 12.)  On September
11  3, 2024, the Court screened Plaintiff's second amended complaint.  (ECF No. 13.)  In the
12  screening order, the Court found that Plaintiff: (1) fails to state a cognizable claim against
13  Defendant Shannon for violation of 18 U.S.C. § 2255; (2) fails to state a cognizable claim
14  against Defendant Alcaraz  for failing to comply with the Freedom of Information Act, 5 U.S.C.
15  § 552(a); (3) fails to state a claim against Defendant Shannon pursuant to 42 U.S.C. § 1983 for
16  "Primary civil rights law citizen of police misconduct"; and (4) states a potentially cognizable
17  excessive force claim under the Fourth Amendment against Defendant Shannon.[2]  Stated
18  differently, the Court found Plaintiff's second amended complaint states a potentially cognizable
19  claim against Officer Shannon for excessive force under the Fourth Amendment, but fails to state
20  any other cognizable claim against Defendant Shannon or Defendant Alcaraz.  The Court granted
21  Plaintiff the opportunity to file a third amended complaint within thirty days to cure the
22  identified deficiencies to the extent he is able to do so in good faith, or to file a notice of intent to
23  proceed on the claim found to be cognizable.  (Id.)  In its screening order, the Court advised

---

[1] Plaintiff alleged violations of (1) "USC 2255 – Civil Remedy for personal injury"; (2) "USC 552"; (3) "42 USC 1983 – Primary civil rights law citizens of police misconduct"; and (4) Fourth Amendment for unlawful search and seizure and excessive force.  The Court liberally construed the claims as those listed.

[2] To be clear, "[a] court's determination, upon screening, that a complaint may state cognizable claims does not preclude a defendant from subsequently bringing a motion to dismiss one or more of those claims under Federal Rule of Civil Procedure 12(b)(6)."  Barker v. California Dep't of Corr. & Rehab., No. 2:13-CV-1793 KJN P, 2015 WL 3913546, at *4 (E.D. Cal. June 25, 2015) ("Plaintiff cannot rely solely on the court's screening as a basis for overcoming a Rule 12(b)(6) motion.").

1  Plaintiff that discovery occurs after the pleadings stage and emphasized that if Plaintiff elected to
2  file a third amended complaint, he should focus on providing a short and plain statement of his
3  claims in accordance with Rule 8.  (Id. at 14-15.)

4  On October 8, 2024, Plaintiff filed a motion for a ninety day extension of time to file his
5  third amended complaint or file an intent to proceed on the identified cognizable claim.  (ECF
6  No. 15.)  Plaintiff contended his case is complex and the deficiencies identified in the Court's
7  September 3, 2024 screening order are complex and extensive.  (Id. at 2.)

8  On October 8, 2024, the Court issued an order discharging the order to show cause.
9  (ECF No. 16.)  The Court did not find good cause existed to grant a ninety day extension of time.
10 However, the Court granted the motion in part and afforded Plaintiff an additional thirty-days to
11 file an amended complaint that complies with Rule 8 or file a notice of intent to proceed on the
12 identified cognizable claim.

13 Plaintiff failed to file an amended complaint or notice to proceed by the extended
14 deadline.  On November 14, 2024, the Court issued an order to show cause why the action
15 should not be dismissed for failure to prosecute and failure to comply with a court order.  (ECF
16 No. 17.)

17 On November 15, 2024, Plaintiff filed a notice of intent to proceed on the cognizable
18 claim identified in the Court's September 3, 2024 screening order "due to this Court's refusal to
19 allow [him] sufficient time to file a second [*sic*] amended complaint."  (ECF No. 18.)  Plaintiff
20 states he has been refused documents that would be used to prosecute the case adequately,
21 including police records and investigation reports.

22 As an initial matter, Plaintiff's response provides good cause to discharge the November
23 14, 2024 order to show cause.  Further, the Court previously advised Plaintiff that discovery—
24 which can include production of documents—occurs after the pleadings stage.  (ECF No. 13 at
25 14.)  The Court reiterates that at this stage, Plaintiff must only provide defendants notice of the
26 factual basis for each legal claim he wishes to pursue against each defendant.  (See ECF No. 13
27 at 14-15; ECF No. 16 at 2.)  Should Plaintiff discover additional information that supports
28 additional claims and defendants, Plaintiff may file a motion to amend his complaint, meeting

3

the legal standard for amendment under Fed.R.Civ.P. 15.

As a result of Plaintiff's notice of intent to proceed, the Court recommends that this action proceed on the claim found cognizable in Plaintiff's second amended complaint.

Accordingly, it is HEREBY ORDERED that the Court's November 14, 2024 order to show cause (ECF No. 17) is DISCHARGED.

Further, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's Fourth Amendment claim for excessive force against Defendant Zachary Shannon, as asserted in the second amended complaint (ECF No. 12), consistent with the Court's September 3, 2024 screening order (ECF No. 13);

2. All other causes of action be dismissed from the action for failure to state a cognizable claim for relief, consistent with the Court's September 3, 2024 screening order (ECF No. 13); and

3. All claims against Defendant Rudy Alcaraz be dismissed, consistent with the Court's September 3, 2024 screening order (ECF No. 13).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B).  Within **fourteen (14) days** after being served with these Finding and Recommendations, any party may file written objections with the Court, limited to 15 pages, including exhibits.  The document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 19, 2024**

STANLEY A. BOONE
United States Magistrate Judge